# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 16-MC-1221 (JFB)

---

ERNEST BARBELLA & GOURMET SELECT FOODS, CORP.,

Appellants,

VERSUS

MARC A. PERGAMENT,

Appellee.

---

**MEMORANDUM AND ORDER**
January 8, 2018

---

JOSEPH F. BIANCO, District Judge:

Pending before the Court is a motion for leave to appeal filed by Ernest Barbella ("Barbella") and Gourmet Select Foods, Corp. ("Gourmet Select," and, collectively, "appellants") in connection with the April 14, 2016 Order (the "Bankruptcy Order") of the Honorable Robert E. Grossman, United States Bankruptcy Judge (the "Bankruptcy Court"). (ECF No. 1-10.) By that Order, the Bankruptcy Court denied appellants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellants raise two issues in their motion: whether the Bankruptcy Court committed legal error in its application of the legal standards concerning (1) equitable tolling, and (2) the propriety of pleading causes of action entirely upon information and belief. (Appellants' Mem. Supp. Mot. Leave Appeal ("Appeal Br."), ECF No. 1.)

Appellee Marc A. Pergament ("the trustee") opposes the motion on the following grounds: (1) defendants have failed to show the exceptional circumstances required for an interlocutory appeal; (2) the Bankruptcy Order concerns issues of fact, not simply "pure" legal questions; and (3) defendants have failed to show that a "substantial ground for difference of opinion" exists with respect to the issue they seek to appeal. (Appellee's Mem. Supp. Opp'n Mot. Leave Appeal ("Opp'n Br."), ECF No. 2.)

For the reasons set forth below, the Court denies the motion for leave to appeal.

I. BACKGROUND

The following factual allegations and procedural history are relevant to the instant appeal.

1

A. Factual Background

Quality Food Brands, Inc. ("QFB"), a wholly owned subsidiary of PHS Group, Inc. ("PHS"), was engaged in the manufacture and distribution of baking mixes, spices, and other food products throughout the United States. (Opp'n Br. 3.) Mair Faibish ("Faibish") was PHS's Chief Executive Officer and controlled QFB's operations and finances. (*Id.*) Faibish, along with several others, allegedly orchestrated a check-kiting scheme that utilized the bank accounts of several United States and Canadian companies, including PHS, QFB, and Gourmet Select. (*Id.*) In furtherance of the scheme, Faibish and his co-conspirators allegedly circulated checks that were not backed by sufficient funds between PHS, QFB, and many other companies that were controlled by either Faibish or Barbella. (*Id.* at 4.) In March 2014, Faibish was convicted of bank and securities fraud. (*Id.*)

On April 5, 2011, QFB filed a petition for bankruptcy. (Appeal Br. 2.) Shortly thereafter, the trustee made discovery requests, as did several of QFB's creditors. (*Id.*) In response to those discovery requests, Barbella provided certain documents. (*Id.* at 2-3.) At the request of several of QFB's creditors, Barbella was deposed in July 2012. At the deposition, Barbella asserted the Fifth Amendment and refused to answer any questions. (*Id.*) Neither the trustee nor his counsel requested the deposition, nor did either appear on the record of the deposition. (*Id.*) After the deposition, the trustee did not seek to depose Barbella or to compel him to comply with the creditors' request for a deposition. (*Id.*)

According to the trustee, Barbella separately and voluntarily requested to meet with the trustee so that he could ensure the trustee had the "full story" concerning his investigation. (*Id.*) At that meeting, Barbella informed the trustee that he would willingly cooperate with the trustee's efforts, he presented materials that explained his work with PHS and QFB, and he disclosed his ownership interest in Gourmet Select. (*Id.*; Decl. Schuyler G. Carroll ("Carroll Decl."), ECF No. 1-1, Ex. 1.) Afterwards, the trustee did not further inquire about Barbella's interests in Gourmet Select or about Gourmet Select. (Appeal Br. 4.)

At some point prior to January 12, 2016, counsel for one of QFB's largest creditors provided the trustee with statements from two of Gourmet Select's banking accounts. (Opp'n Br. 4.) The statements allegedly show that the accounts were utilized in furtherance of the check-kiting scheme, and that Barbella signed the majority of the checks issued by Gourmet Select to PHS in the course of the scheme. (*Id.*)

In January 2016, the trustee filed a complaint in the Bankruptcy Court against Barbella and Gourmet Select, alleging that Barbella participated in, and failed to report, a check-kiting scheme that victimized QFB, and that Gourmet Select received fraudulently conveyed funds from QFB. (Carroll Decl., Ex. 2 ¶¶ 1-2.) Appellants note that the portions of that complaint dealing with Barbella and Gourmet Select "are, with very few exceptions[,] pled entirely on information and belief." (Appeal Br. 4.)

In March 2016, appellants moved to dismiss the complaint, arguing it was time-barred. (Carroll Decl., Ex. 4, ECF No. 1-6.) In the trustee's opposition to the motion to dismiss, he maintained that the applicable statutes of limitation should be equitably tolled due to the actions and conduct of Barbella and the extraordinary circumstances surrounding this case. (Opp'n Br. 5.) In particular, the trustee argued that he had been severely limited in obtaining information from QFB, Barbella,

2

and Gourmet Select in the course of his investigation due to Barbella's and Faibish's conduct. (*Id.*) In response, appellants argued that the trustee should have discovered the fraudulent nature of the relationship between Gourmet Select and QFB. (*Id.* at 5-6.)

On April 11, 2016, the Bankruptcy Court heard oral argument on the motion, and it denied the motion that same day. (Appeal Br. 4; Opp'n Br. 7.)

B. The Appeal

Appellants filed a motion for leave to appeal the Bankruptcy Order on April 28, 2016. (ECF No. 1.) Appellee filed his opposition to the motion on May 11, 2016. (ECF No. 2.) Appellants did not file a reply. The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

The decision whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). It is well settled that the relevant standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from United States District Courts to the United States Courts of Appeals, governs such appeals. *McKenzie-Gilyard v. HSBC Bank Nevada, N.A.*, No. 08-CV-0160 (SLT), 2008 WL 2622931, at *1 (E.D.N.Y. July 1, 2008); *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted." (citation omitted)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, appellants' motion can only be granted if they establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *McKenzie-Gilyard*, 2008 WL 2622931, at *2 (citation omitted). In addition, because "interlocutory appeals are strongly disfavored in federal practice," appellants bear the burden to show that "exceptional circumstances" exist that warrant an interlocutory appeal, to "justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *In re Adelphia Commc'ns Corp.*, No. 07-CV-9999 (NRB), 2008 WL 361082, at *1-2 (S.D.N.Y. Feb. 7, 2008).

III. DISCUSSION

Appellants argue that they should be granted leave to appeal the Bankruptcy Order because the Bankruptcy Court did not mention or analyze "established legal standards" in its decision on the equitable tolling and pleading issues raised by appellants in their motion to dismiss. (Appeal Br. 4-6.) For the following reasons, after applying the above-referenced standard, the Court concludes that interlocutory appeal is unwarranted under the circumstances of this case.

3

First, whether the Bankruptcy Court appropriately set forth and applied the respective legal standards is a mixed question of fact and law. It does not "refer to a 'pure' question of law that [this Court] 'could decide quickly and cleanly without having to study the record.'" *Stone v. Patchett*, No. 08-CV-5171 (RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008)); *see also S.E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that where an appeal "would necessarily present a mixed question of law and fact, [and] not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)"). As such, it does not satisfy the first requirement for granting a request to file an interlocutory appeal.

Further, the Court rejects appellants' argument that these issues are "controlling" because if a different result was reached, some or all of the causes of action would be terminated. (Appeal Br. 10-11.) Even if this Court allowed appeal and ultimately agreed with appellants that the Bankruptcy Court erred, that finding would not resolve the equitable tolling or pleading issues, much less the litigation. Instead, the Bankruptcy Court would be required to re-examine the issues, and, after conducting such an examination, could ultimately reach the same result. As such, it is not the case that "reversal of the [Bankruptcy C]ourt's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). Thus, an immediate appeal is not warranted because it would not present a controlling question of law.

The second factor in this analysis is whether there is "substantial ground for difference of opinion" as to the legal issues presented. 28 U.S.C. § 1292(b). The requirement that such a substantial ground exists may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Citigroup Pension Plan ERISA Litig.*, No. 05 Civ. 5296(SAS), 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007) (quoting *In re Lloyd's Am. Tr. Funds Litig.*, No. 96 CIV. 1262(RWS), 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997)). However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, [i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal citation omitted). Furthermore, "[a] mere claim that a court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *In re Citigroup Pension Plan ERISA Litig.*, 2007 WL 1074912, at *2 (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005)). Here, the Court concludes that there is nothing novel or complex about the issues that appellant wishes to raise in the interlocutory appeal; rather, appellant merely asserts that the Bankruptcy Court's decision was incorrect. Thus, the second requirement is not satisfied.

Third, immediate appeal may not materially advance the ultimate termination of the litigation. "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the

4

litigation, in practice the two questions are closely connected." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). Ultimately, "[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (quoting 9 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 110.22[2] (1975)). As noted above, even assuming *arguendo* that the Court found some error in the application of the proper legal standard, the matter would be remanded for further consideration by the Bankruptcy Court. On remand, the Bankruptcy Court could very well reach the same conclusion. Thus, the Court concludes that the third requirement is not satisfied.

Finally, in its discretion, the Court agrees with the trustee that appellants have failed to show the exceptional circumstances required for an interlocutory appeal. (Opp'n Br. 2.) The Bankruptcy Court order that appellants seek to challenge in the interlocutory appeal is no different than decisions that lower courts make on a routine basis. Allowing interlocutory appeals in these ordinary situations would result in potentially lengthy delays to litigation and disruption of the trial process, while also burdening the appellate court with a multiplication of piecemeal appeals. Thus, no exceptional circumstances exist for an interlocutory appeal in this case.

IV. CONCLUSION

For the foregoing reasons, the Court denies appellants' motion for leave to appeal.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 8, 2018
Central Islip, New York

\*\*\*

Appellants are represented by Schuyler Glenn Carroll of Perkins Coie LLP, 30 Rockefeller Plaza, 22nd Floor, New York, NY 10112-0085. Appellee is represented by Nicholas Tuffarelli of Weinberg Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, NY 11530.